Filed 3/3/24  P. v. Lewis CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEVIN KHYREE LEWIS,<br><br>        Defendant and Appellant. | A169213<br><br>(Solano County<br>Super. Ct. No. FCR347443) |

This appeal raises issues arising after defendant Devin Khyree Lewis and the People reached a plea agreement.  We conclude (1) the trial court erroneously denied conduct credit for the time defendant spent in custody at juvenile hall; (2) a $10,000 restitution fine was properly imposed after defendant was afforded the opportunity to establish his inability to pay the fine; and (3) the record on appeal does not establish that defendant's trial counsel provided ineffective assistance.  Accordingly, we remand the matter to the trial court for modification of the abstract of judgment but otherwise affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2022, defendant was charged by information with one count of murder (Pen. Code,[1] § 187, subd. (a), count 1) with a criminal street gang

---

[1]     All unlabeled statutory references are to this code.

special circumstance (§ 190.2, subd. (a)(22)), and one count of attempted premeditated murder (§§ 664, 187, subd. (a), count 2). Additionally, gang enhancements (§ 186.22, subd. (b)(1)) and various firearm enhancements (§ 12022.53, subds. (b), (c), (d)) were alleged as to both counts.

During the trial proceedings, the trial court granted defendant's motion to dismiss the attempted murder count. The court also declared a mistrial on the murder count following the jury's deadlock on the charge.

Pursuant to a plea agreement, the People amended the information to add a charge of voluntary manslaughter (§ 192, subd. (a), count 3) with an enhancement for personal use of a firearm (§ 12022.5, subd. (a)) and to dismiss the remainder of the information. In return, defendant pled no contest to the voluntary manslaughter charge; admitted the firearm enhancement and several aggravating factors; stipulated he was the shooter; agreed to pay victim restitution; and accepted a 21-year term.

At the sentencing hearing, the trial court imposed a prison sentence of 21 years, consisting of the upper term of 11 years for manslaughter (§ 192, subd. (a)) and the upper term of 10 years for the firearm enhancement (§ 12022.5, subd. (a)). The court assessed $2,466.27 in victim restitution and indicated the potential for additional victim restitution amounts in the future. As relevant here, the court granted defendant 2,090 days of custody credit and 228 days of conduct credit and also imposed a $10,000 restitution fine pursuant to section 1202.4, subdivision (b).

Defendant's appeal is limited to issues arising after entry of the plea that do not affect its validity. (Cal. Rules of Court, rule 8.304(b)(2)(B).)

## DISCUSSION

Defendant raises several contentions: (1) the trial court erroneously denied conduct credit for the time defendant spent in custody at juvenile hall;

2

(2) the trial court improperly imposed the $10,000 restitution fine (§ 1202.4, subd. (b)) without affording him the opportunity to establish his inability to pay the fine; and (3) defendant's trial counsel provided ineffective assistance to the extent she should and could have done more to advance his inability-to-pay claim. We address these issues in turn.

### A. Conduct Credit

Defendant was initially charged as a juvenile but his case was transferred to adult court. Though the trial court granted defendant custody credit for 2,090 days attributable to the time he spent in both juvenile custody and adult custody, it granted 228 days of conduct credit attributable only to his time in adult custody.

On appeal, the People agree with defendant that he is entitled to conduct credits for the time he was confined at juvenile hall. So do we. (*People v. Twine* (1982) 135 Cal.App.3d 59, 63 ["a defendant sentenced to state prison is entitled to conduct credits for a period of presentence detention in a juvenile detention facility"].)

There appears no question that defendant served a total of 2,090 days in custody, and that application of the statutory 15 percent limitation on credits (§ 2933.1) means he is entitled to a total of 313 conduct credits. Accordingly, we remand the matter to the trial court for modification of the abstract of judgment to reflect the correct number of conduct credits.

### B. The $10,000 Restitution Fine

Section 1202.4 authorizes the imposition of a restitution fine of any amount between $300 and $10,000 where, as here, a person is convicted of a felony. (§ 1202.4, subd. (b)(1).) If a fine in excess of $300 is contemplated, the trial court is required to "consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the

3

offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime." (§ 1202.4, subd. (d).) When assessing the defendant's ability to pay, the court is not limited to considering present ability or cash on hand, and may also consider future ability to earn prison wages and money after release from prison. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076 (*Aviles*); § 1202.4, subd. (d) ["future earning capacity" may be considered].)

Section 1202.4 explicitly contemplates that the defendant "shall bear the burden of demonstrating the defendant's inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required." (§ 1202.4, subd. (d).) Section 1202.4 also provides: "The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine." (*Id.*, subd. (c).)

The California Supreme Court is currently reviewing divergent appellate views regarding a trial court's consideration of a defendant's ability to pay before imposing or executing fines, fees, and assessments, and which party bears the burden of proof on the issue. (E.g., *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844; *People v. Cowan* (2020) 47 Cal.App.5th 32, review granted June 17, 2020, S261952 (*Cowan*) [matter deferred pending decision in *Kopp*]; *People v. Belloso* (2019) 42 Cal.App.5th 647, review granted Mar. 11, 2020, S259755 [same].) Lacking present guidance from the Supreme Court, we will adhere to the views expressed by this appellate district in the *Cowan* decision.

4

*Cowan* held that constitutional challenges to fines or fees based on a claimed inability to pay should be evaluated under the Eighth Amendment to the federal Constitution and article I, section 17 of the California Constitution. (*Cowan, supra,* 47 Cal.App.5th at p. 42; cf. *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164, 1168–1169 (*Dueñas*) [analyzing issue as a due process violation].) Though *Cowan* reviewed a trial court's imposition of the minimum restitution fine of $300, the decision provides a useful framework for evaluating defendant's claimed inability to pay the maximum $10,000 restitution fine, as follows. First, defendants, upon request, must be allowed "an opportunity to present evidence and argument" why a proposed restitution fine exceeds their ability to pay. (*Cowan,* at p. 48.) Where the excessive fine objection "raises factual questions, a remand is required so that the trial court can make the necessary findings as a predicate to the excessiveness determination and weigh the relevant factors in the first instance." (*Ibid.*) Defendants bear the burden of proof to demonstrate the inability to pay. (*Id.* at p. 49; but see *Dueñas,* at p. 1172 [the People must demonstrate the defendant's ability to pay].) Finally, and consistent with section 1202.4 and prior case law, courts are required to consider "not only present ability to pay" but whether the defendants have "any reasonable prospect of paying in the future." (*Cowan,* at p. 35; see *id.* at p. 49; *Aviles, supra,* 39 Cal.App.5th at p. 1076.)[2]

_____

[2] In remanding the matter to the trial court for its evaluation of the defendant's claimed inability to pay the minimum restitution fine, *Cowan* instructed: "If, upon remand, an excessive fines objection is made and upheld, the ruling will amount to a determination that the clause in Penal Code section 1202.4, subdivision (c) barring consideration of ability to pay— '[a] defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine'—is unconstitutional as

5

Here, the probation officer's presentence report recommended a restitution fine of $6,300, apparently in line with section 1202.4, subdivision (b)'s instruction that "[i]n setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine . . . multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." But the probation officer's report included no information regarding defendant's employment or income because defendant declined to be interviewed. At the sentencing hearing, the People requested that the section 1202.4 restitution fine be set at the maximum amount of $10,000 given the gravity of the offense and surrounding circumstances. In countering that request, defense counsel asked the court to consider defendant's inability to pay the fine due to the circumstances that defendant had been unable to work during the six years he had been held in custody and that he would be incarcerated for another 21 years pursuant to the plea agreement. Defense counsel offered to provide further briefing on that "if the Court would like [her] to."

In addition to hearing the parties' arguments, the trial court considered the evidence presented at trial, as well as an impact statement reflecting the shock, sadness, hurt, pain, and anger that defendant inflicted upon the victim's family with his senseless crime. Though the court expressed no view on defendant's ability to pay fines and fees, it undertook to enumerate the following circumstances of the crime: defendant "killed a young man," which affected the lives of many people; the crime escalated from a fistfight between the unarmed victim and defendant's friend; as everyone began running from

applied, thus prohibiting imposition of the fine altogether." (*Cowan, supra,* 47 Cal.App.5th at p. 50.)

6

the scene after someone shouted "Police, Police," defendant loaded a firearm and shot in the direction of the victim and two others; and defendant's bullet struck the victim, who "bled to death" as a result of defendant's actions. After recounting these circumstances and defendant's "egregious" and "heinous" conduct, the court imposed the upper terms for the manslaughter conviction and firearm enhancement. The court then determined the "gravity of the offense" also supported imposition of the maximum restitution fine of $10,000. Before concluding the hearing, the court confirmed for defense counsel that her objections to the fines and fees were preserved for the record.

In challenging the $10,000 fine, defendant contends the matter must be remanded for consideration of his ability to pay the fine. It is defendant's position that because the trial court articulated no view on the topic even though defense counsel sought to provide further briefing, he was improperly denied the opportunity to present support for his claimed inability to pay. We see no basis or need for a remand.

As indicated, defendants, upon request, must be given an opportunity to make a record regarding their inability to pay a fine. (*Cowan, supra*, 47 Cal.App.5th at p. 48.) But making such a record "need not entail a contested evidentiary hearing in every case" and "can often be done by simple offer of proof." (*Id.* at pp. 48–49; see § 1202.4, subd. (d) [a "separate hearing for the fine shall not be required"].) Here, defense counsel was provided and took advantage of the opportunity to object to the restitution fine based on defendant's inability to pay. As the record reflects, counsel made a record of the claim that defendant did not work while he was confined in jail before trial and that he is subject to 21-year sentence in prison. Though defendant asserts on appeal that his counsel "asked for an opportunity to brief the issue, i.e., to present evidence and argument to support the claim that [he] cannot

7

pay a $10,000 restitution fine," the record more precisely reflects that counsel said she could "brief the matter . . . *if the Court would like* [*her*] *to*." (Italics added.) Thus, contrary to defendant's representation, the record reasonably indicates that his counsel made the factual record she wanted to but would submit briefing if requested. Consequently, we cannot conclude defendant was deprived the "opportunity to present evidence and argument" why the $10,000 restitution fine exceeded his ability to pay. (*Cowan*, at p. 48.)

That the trial court imposed the $10,000 fine without specifically addressing defendant's ability to pay is of no moment and does not imply its disregard of the issue. In the first place, the Legislature has determined that express findings "as to the factors bearing on the amount of the fine shall not be required." (§ 1202.4, subd. (d).) Moreover, an order of the trial court is presumed correct on appeal, and " ' "[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' [Citation.]" (*People v. Giordano* (2007) 42 Cal.4th 644, 666; see *People v. Moran* (1970) 1 Cal.3d 755, 762.)

When defense counsel objected to the restitution fine, the trial court allowed her to explain that the objection was based on defendant's inability to work during his six years of confinement up to that point and his being sentenced to a 21-year term pursuant to the plea agreement. But these facts were a matter of record and unchallenged by the People, so there was no need for counsel to present evidence on the matter. Also apparent was defendant's representation by appointed counsel, though counsel did not advance this circumstance as part of her objection. (See part C, *post*.) Viewing the totality of the circumstances, we may assume the court did not ignore or discount defendant's ability-to-pay claim for lack of evidentiary support or sufficient briefing. Instead, given its comments at the sentencing hearing, it is evident

8

the court exercised its statutorily authorized discretion to find that "the monetary burden the restitution fine imposed on defendant was outweighed by other considerations," i.e., the gravity of the crime and its circumstances. (*People v. Potts* (2019) 6 Cal.5th 1012, 1057 (*Potts*) [$10,000 restitution fine lawfully imposed even though capital inmate was categorically ineligible to work in prison]; see *People v. Lewis* (2009) 46 Cal.4th 1255, 1321 ["defendant's assertion that he was unable to pay the [maximum $10,000] fine did not compel the court to impose a lesser fine"].)

## C. Alleged Ineffective Assistance of Counsel

Pointing to "readily available evidence" that, in his view, supports his inability to pay a $10,000 restitution fine, defendant contends his trial counsel provided ineffective assistance by failing to present such evidence at the sentencing hearing (or by failing to adequately request the court for an opportunity to do so).

The analysis for evaluating appellate claims of ineffective assistance is well settled. "To demonstrate ineffective assistance of counsel, [the defendant] 'must show that counsel's performance was deficient, and that the deficiency prejudiced the defense.' [Citations.] On direct appeal, a finding of deficient performance is warranted where '(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.' [Citation.] '[W]here counsel's trial tactics or strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions.' " (*People v. Johnsen* (2021) 10 Cal.5th 1116, 1165 (*Johnsen*).)

9

Here, the record is silent as to what reasons, if any, defense counsel had for not doing more in support of defendant's inability-to-pay claim. In light of this silence, we assess whether or not there were conceivable reasons supporting her inaction.

In this regard, defendant's first point is that his counsel should have highlighted the significance of her appointment by the court. Citing *People v. Rodriguez* (2019) 34 Cal.App.5th 641 (*Rodriguez*) and *People v. Santos* (2019) 38 Cal.App.5th 923 (*Santos*), defendant contends that because he qualified for court-appointed counsel, counsel should and could have argued his entitlement to a "presumption of indigence." But *Rodriguez* was decided in the context of former section 987.8, a statute that, in allowing courts to order a defendant to reimburse the government for the cost of court-appointed counsel, featured a statutory presumption that a defendant sentenced to prison or jail for more than 364 days " 'shall be determined not to have a reasonably discernible future financial ability to reimburse' defense costs '[u]nless the court finds unusual circumstances.' " (*Rodriguez*, at p. 646.) *Santos* cited the presumption at issue in *Rodriguez* (*Santos*, at p. 933), but purposefully did not address its application to a restitution fine under section 1202.4 (*Santos*, at p. 929). This contention fails to persuade.

Not only was counsel's appointment an open matter of record, but defendant's authorities are inapposite, particularly since section 1202.4, subdivision (c), makes clear that a court must impose a restitution fine "unless it finds compelling and extraordinary reasons for not doing so" and that a defendant's "inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine." (*Rodriguez, supra*, 34 Cal.App.5th at pp. 645–646.) As *Aviles* explains, "a court's decision to deny a government request for reimbursement of attorney fees under section 987.8

does not similarly mean the defendant lacked the ability to pay [a section 1202.4 restitution fine]." (*Aviles*, *supra*, 39 Cal.App.5th at p. 1075; see *People v. Miracle* (2018) 6 Cal.5th 318, 356 [capital defendant did not establish his inability to pay by contending he "was appointed counsel and provided funds for expert witnesses and investigators" and "assertedly has no earning potential"].)  In sum, defendant's counsel might reasonably have concluded that raising and offering to brief the analytical significance of court-appointed counsel would offer little to no benefit in the context of restitution fines.

Next, we understand defendant to contend there are informational materials that his counsel should have offered in support of his inability-to-pay claim.  Specifically, he cites to information contained in administrative regulations and certain online reports that supposedly cast doubt on his chances of obtaining prison work that would pay enough to meaningfully establish his ability to pay the imposed fine.  (E.g., Cal. Code Regs., tit. 15, § 3040, subds. (a) [work assignments may be less than a full day], (k) ["assignment to a paid position is a privilege dependent on available funding, job performance, seniority and conduct"], (*l*) [listing non-paid work or training assignments]; https://lao.ca.gov/reports/2018/3762/2018-19-crim-justice-proposals-022818.pdf, at p. 14 [some inmates earn between only 8 cents and $1.00 per hour].)

But again, the record is silent on the point, and there are various conceivable explanations why counsel did not present these materials.  For example, it is conceivable that defendant's counsel was aware of such information, and she ultimately concluded their application to defendant's specific situation would have been deemed speculative or otherwise of little persuasive value.  Notably, on this point, at least one of the cited reports

describes a shortage of inmates to fill vacant work positions and a projected decline in the inmate population (see https://lao.ca.gov/reports/2018/3762/2018-19-crim-justice-proposals-022818.pdf, at pp. 10, 14) Thus, even assuming there was a possibility or even a likelihood that defendant might not obtain one of the higher paying jobs in prison, circumstances such as the availability of other in-prison work and the potential for post-release employment given defendant's relative youth and opportunity to earn additional conduct credits may have led his counsel to conclude there was no tactical or strategic benefit for bringing the cited materials to the trial court's attention.

Alternatively, it is conceivable that counsel may have been aware of other circumstances specific to defendant (and not included in the record) that would not have materially supported defendant's claimed inability to pay. (See *Potts*, at p. 1056 [capital inmate's receipt of occasional small gifts for prison commissary purchases properly considered in upholding $10,000 fine].)

Because the record fails to establish deficient performance on counsel's part, we reject defendant's appellate claim of ineffective assistance.[3]

---

[3] In *People v. Montes* (2021) 59 Cal.App.5th 1107, the appellate court held the defendant did not forfeit his *Dueñas* claim by failing to object to the minimum statutory fine. (*Montes*, at p. 1121.) In so holding, the court applied the futility exception, observing that *Dueñas* had not been issued at the time of sentencing, and that " '[N]o California court prior to *Dueñas* had held it was unconstitutional to impose fines, fees or assessments without a determination of the defendant's ability to pay[; and] none of the statutes authorizing the imposition of the fines, fees or assessments at issue authorized the court's consideration of a defendant's ability to pay.' " (*Montes*, at pp. 1119, 1121.) Though not cited by defendant, *Montes* remanded the matter for a restitution fine hearing after noting the record on the defendant's ability to pay was "undeveloped" because, in part, "[n]ot all defendants are able to work, due to their own limitations or to prison

**DISPOSITION**

We remand the matter to the trial court for modification of the abstract of judgment to reflect the correct number of conduct credits as stated in this opinion.  In all other respects, the judgment is affirmed.

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P.J.

_____
Petrou, J.

*People v. Lewis* (A169213)

---

restrictions, and 'not all inmates [who work] are eligible for paid positions, which are considered a privilege and are subject to various restrictions and requirements.' " (*Id*. at p. 1123.)

*Montes* does not compel a different outcome in this case.  Here, defendant's counsel actually objected to the imposition of fines and fees on the ground of inability to pay.  Counsel made a record of the facts and reasons supporting defendant's challenge to the $10,000 fine and did not request an opportunity to present further facts and briefing on the matter.  Unlike the situation in *Montes*, we are faced with an appellate claim of ineffective assistance in which the record is silent as to counsel's reasons for not doing more.  Applying settled case law, we cannot conclude, based on this record, that counsel performed deficiently or rendered ineffective assistance in this appeal.  (See *Johnsen, supra,* 10 Cal.5th at p. 1165.)